UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA WILLIAMS, JARIUS HILL, EBONY
WARREN, DIAMOND WARREN, RHONDA
COLLINS, next friend of B.C., VEOLA GLENN, next
friend of V.W., CARMEN COOK, next friend of K.C.,
IDLAUNDRA PHIPPS, next friend of D.F.,
ANDREA JACKSON, next friend of D.I. and R.B.,
and ARTRA WALLER, next friend of A.W.,

                Plaintiffs,          Case Number 10-11797
                                                      Honorable David M. Lawson
v.

DETROIT PUBLIC SCHOOLS, RONALD HENDON,
CHARLES MITCHELL, DAVID WALLACE,
HARTSFIELD, JEANETTE MORRIS, FRANK YOUNG,
CRANE, RONALD JOHNSON, ALPHONSO TANKS,
WILCOX, KELLY TAYLOR, PHILIP TRYSH, MARK
MICIANO, DEREK HARRIS, NATHANIEL COLEMAN,
RODRIGUEZ, LEWIS, MARTIN HAUGER, PHILLIP
MANZANELLA, and JOHN DOE,

                Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

      This case was filed initially by sixteen plaintiffs who alleged that Detroit Public School (DPS) officials violated their civil rights when DPS police officers used excessive force to break up a protest near the Detroit Northern High School in May 2007. Several of the plaintiffs settled their claims. Now, the defendants — the Detroit Public Schools and twenty police officers (including one John Doe) employed by the DPS Office of Public Safety — have moved for summary judgment on the remaining claims by plaintiff K.C. The plaintiff has filed an answer in opposition to the motion. The Court has reviewed the pleadings and motion papers and finds that the papers

adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion to dismiss. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). K.C. responded to interrogatories, stating that she was pepper-sprayed by a uniformed, male officer whom she has not identified. The plaintiff has presented no other evidence in support of her excessive force claim. Based on the present record, the Court finds that the plaintiff has presented no evidence that would permit a reasonable jury to find in her favor and against the defendants. Therefore, the Court will grant the defendants' motion for summary judgment.

I.

This case arises from a May 1, 2007 protest against school closings that took place outside of Northern High School in Detroit. The complaint alleges that the DPS officials were aware of the planned demonstration and dispatched police officers to the high school. City of Detroit police officers were also in attendance. During the protest, the plaintiffs were either holding signs and chanting or sitting on a retaining wall. The complaint alleges that without warning, one officer sprayed the students, including plaintiff K.C., with pepper spray.

In response to a request to admit that she could not "identify any person who allegedly committed the acts you complain of in the Complaint," K.C. stated "Admit in part and deny in part. It was a male, uniformed officer." Defs.' Mot. for Summ. J. Ex. 1 at 3. In a motion to compel discovery filed on December 15, 2011, plaintiff's counsel stated, "Plaintiffs need the assistance of photos to help identify the officers who pepper-sprayed or manhandled Plaintiffs." Defs.' Mot. for Summ. J. Ex. 3 at 2. That motion to compel was denied by a magistrate judge and the photos were not produced. The plaintiff did not appeal the magistrate judge's order.

The complaint was filed on May 3, 2010 and amended on April 28, 2011 to remove the full names of the minor plaintiffs. The complaint alleges that the plaintiffs' right to be free from excessive force was violated by the pepper spraying. On March 29, 2012, the Court entered a partial consent judgment that disposed of the claims of seven of the plaintiffs. On April 23, 2012, the defendants filed a motion for summary disposition with respect to plaintiff K.C., who the defendants characterized as the only remaining plaintiff in the case. Plaintiff's counsel has not disputed that assertion. However, the docket does not reflect a disposition as to other partied plaintiff listed in the caption above. Plaintiff K.C. responded on May 14, 2012.

II.

The standards for evaluating a motion for summary judgment under Federal Rule of Civil Procedure 56 are well known but bear repeating here. As the Sixth Circuit recently explained:

> Both claimants and parties defending against a claim may move for summary judgment "with or without supporting affidavits." Fed. R. Civ. P. 56(a), (b). Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Once that occurs, the party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009). In addition, when "'reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party. . . .

-3-

Thus, the facts and any inferences that can be drawn from those facts[] must be viewed in the light most favorable to the non-moving party.'" *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citations omitted)); *see also Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) ("In evaluating the evidence, [the district court] 'draw[s] all reasonable inferences therefrom in a light most favorable to the non-moving party.'") (quoting *PDV Midwest Ref., LLC v. Armada Oil & Gas Co.*, 305 F.3d 498, 505 (6th Cir. 2002)).

"[T]he party opposing the summary judgment motion must 'do more than simply show that there is some "metaphysical doubt as to the material facts."'" *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003) (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994), and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Thus, the mere existence of a scintilla of evidence in support of the [opposing party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Highland Capital*, 350 F.3d at 546 (quoting *Anderson*, 477 U.S. at 252) (internal quotation marks omitted).

In a defensive motion for summary judgment, the party who bears the burden of proof must present a jury question as to each element of the claim. *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000). Failure to prove an essential element of a claim renders all other facts immaterial for

summary judgment purposes. *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 895 (6th Cir. 1991).

The defendants argue that the plaintiff's inability to identify who used mace on her is fatal to her claim. They contend that in order to hold an individual officer liable for the use of excessive force, a plaintiff must present evidence that the officer actively participated in the use of excessive force. The defendants argue that the plaintiff has no admissible evidence establishing that any of the nineteen named defendants was directly responsible for spraying the plaintiff with mace. The only identification that the plaintiff has provided, they say, is so general that it could apply to any male officer. The defendants also point out that the plaintiff has admitted in response to a request to admit that she cannot provide a more specific identification.

The plaintiff responds that because she was not permitted to view photographs of the defendants, she did not have the opportunity to identify them. The plaintiff states that her lawyer's statement in the motion to compel does not amount to a deliberate, clear, and unambiguous attorney statement that the plaintiff cannot identify her attacker without photos and therefore the statement does not qualify as a judicial admission. The plaintiff also states that her admission in the interrogatory was not conclusive, as she indicated only that she could not be more specific at the time of the interrogatory. She believes that she should be given a day in court to confront her attacker from among the defendants.

In order to hold an individual officer liable for the use of excessive force, a plaintiff must prove that the officer "(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). "As a general rule, mere

presence . . . , without a showing of direct responsibility for the action, will not subject an officer to liability." *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984). However, an individual officer may be held liable for failure to prevent the use of excessive force where "(1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Ibid*. "Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

There is very little evidence in the record in this case. The only evidence before the Court are plaintiff K.C.'s answers to interrogatories and requests to admit, which, if taken as true, demonstrates that a male, uniformed officer who was part of a group of three officers sprayed the plaintiff with pepper spray on May 1, 2007 and the plaintiff suffered an asthma attack and pain as a result. Accepting all of that as true, there is no evidence that would permit a reasonable jury to find for the plaintiff and against the defendants. Although the evidence would permit the jury to find that some uniformed officer sprayed the plaintiff, there is no evidence that any of the individual defendants sprayed the plaintiff with pepper spray, supervised an individual who sprayed the plaintiff with pepper spray, observed the plaintiff being sprayed with pepper spray, or had the opportunity and means to prevent someone from spraying the plaintiff with pepper spray. Indeed, there is no evidence that would demonstrate that the defendant officers were attached to the DPS public safety department or even at the protest on May 1, 2007. Whether or not plaintiff's counsel's statement in the motion to compel constitutes an admission is beside the point. The plaintiff has utterly failed to present any evidence tying any of the defendants to the pepper spray incident.

Nor has the plaintiff articulated a theory or presented any evidence that would permit a jury to hold defendant Detroit Public Schools liable. For this reason, the Court must grant the defendants' motion for summary judgment. The school district's liability is independent of that of the individual officer, in that the plaintiff must show that the municipality engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) ("Under *Monell*, the [defendants] cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom . . . leads to, causes, or results in the deprivation of a constitutionally protected right."). It is well established that "[i]f no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001); *see also Kinkus v. Vill. of Yorkville, Ohio*, 289 F. App'x 86, 93 (6th Cir. 2008) (dismissing municipal liability claim because conduct of individual officers did not violate plaintiff's rights under the First Amendment); *Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007) (dismissing municipal liability claim because conduct of individual officers did not violate plaintiffs' right under Fourth Amendment to be free from unreasonable seizure); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (stating that "neither *Monell*[], nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm"). Without proof that DPS employees engaged in conduct that violated the plaintiff's constitutional rights, the claim against the DPS fails as well.

III.

There is no evidence in the record that would permit a reasonable jury to find for the plaintiff against any of the defendants on plaintiff K.C.'s claims.

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment [dkt. #55] is **GRANTED**.

It is further **ORDERED** that counsel for the partied must appear before the Court for a status conference on **August 22, 2012 at 3:30 p.m.** to discuss the disposition of the claims of the other plaintiffs remaining on the docket.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated:   August 15, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 15, 2012.

                              s/Deborah R. Tofil  
                              DEBORAH R. TOFIL